UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL McFAULS,

    Plaintiff

-VS-

CASE NO.:

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act).

2. Receivables Performance Management, LLC (hereinafter "Defendant"), has been reporting false information regarding the Plaintiff, Michael McFauls' (hereinafter "Plaintiff"), creditworthiness to Credit Reporting Agencies in violation of the Fair Credit Reporting Act.

### JURISDICTION

3. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

4. The Plaintiff is a natural person and resident of St. Johns County, Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant is a corporation incorporated under the State of Washington, authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

## FACTUAL ALLEGATIONS

6. Plaintiff was the victim of an identity theft in or around November of 2016.

7. Subsequently, Plaintiff had several phone plans falsely opened under his name with several wireless carriers including Sprint, Verizon and T-Mobile.

8. In each instance, purchases of Apple iPhones and iPads with cellular service plans were made at retail locations in Plaintiff's name without his knowledge or consent.

9. Upon learning of these false accounts, Plaintiff disputed each account with the aforementioned wireless carriers, as well as with TransUnion, LLC (hereinafter "TransUnion").

10. Following Plaintiff's dispute with TransUnion, the Verizon and Sprint accounts were deleted from Plaintiff's TransUnion credit report.

11. However, T-Mobile verified that the account belonged to Plaintiff and TransUnion continued reporting the account as belonging to Plaintiff.

12. The T-Mobile account was then subsequently sold to Defendant, a third-party debt collector, and account number 89684729 was reported on several of Plaintiff's credit reports by Defendant as past due as of January of 2019.

13. In January of 2019, Plaintiff mailed out certified letters to TransUnion and Experian Information Solutions, Inc. (hereinafter "Experian") disputing the aforementioned account.

14. Upon information and belief, TransUnion and Experian communicated with Defendant who verified that the account in question was legitimate and belonged to Plaintiff.

15. On February 23, 2019, TransUnion responded to Plaintiff's dispute and verified the account as accurate.

16. On March 2, 2019, Experian responded to Plaintiff's dispute and verified the account as accurate.

17. Under information and belief, Defendant has failed to conduct a reasonable investigation and re-investigation of the accuracy of the information it is reporting regarding Plaintiff's account.

18. Upon information and belief, TransUnion and Experian (hereinafter collectively "CRAs") are "consumer reporting agencies" as defined in 15 USC § 1681(f). Upon information and belief, each of the aforementioned CRAs are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681(d) to third parties.

19. Plaintiff has disputed the inaccuracies being furnished by Defendant to each of the aforementioned CRAs; however each of the aforementioned CRAs has determined upon further investigation that the information furnished by Defendant is accurate and have therefore declined to remove the inaccurate information furnished by the Defendant from Plaintiff's credit reports.

20. To date, the aforementioned CRAs have failed to report the proper information on Plaintiff's credit report(s) despite having been given ample notice of its/their error.

21. To date, Defendant has failed to advise the aforementioned CRAs of its errors regarding Plaintiff's account status.

22. Defendant's actions/inactions have caused Plaintiff's credit score to drop dramatically.

23. As a result of Defendant furnishing inaccurate information regarding Plaintiff's account, Plaintiff had extreme difficulty refinancing his mortgage, which he had to do due to his financial circumstances.

24. Plaintiff was ultimately able to refinance his mortgage but at a higher interest rate, and had to lengthen the term of his loan. This has caused Plaintiff to suffer serious economic damages.

25. Furthermore, due to his diminished credit score caused by Defendant's actions/inactions, Plaintiff was required by his mortgage lender to carry insurance that will cost him thousands of dollars over the term of the loan.

26. In addition, due to Defendant's actions/inactions, Plaintiff has also been charged higher interest rates on his credit cards.

27. Due to Defendant's actions/inactions, Plaintiff has suffered serious damages including but not limited to stress, waste of his personal time, embarrassment, distress, aggravation, anger, worry, fear, and frustration.

## CAUSES OF ACTION

### COUNT I
### (Violations of the Fair Credit Reporting Act)

28. The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-seven (27) as if fully set out herein.

29. Defendant furnished inaccurate representations to CRA's, including TransUnion and Experian, and through TransUnion and Experian to all of Plaintiff's potential lenders on multiple occasions.

30. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Defendant's representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate representations to the consumer reporting agencies.

31. Defendant violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion and Experian after it had been notified that the information was inaccurate.

32. Defendant violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion and Experian that it knew was inaccurate.

33. Defendant did not have any reasonable basis to believe that the Plaintiff was responsible for the debt reported in its representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Defendant knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Defendant would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

34. Under information and belief, Defendant has been subject to multiple legal actions by similarly situated consumers who have been pursued to pay on an account to which the consumer had no responsibility.

35. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

36. The defamation, conduct and actions of Defendant were willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Defendant in an amount to be determined by the Court.

37. Defendant's conduct, action, and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

38. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Defendant to Plaintiff; award Plaintiff his attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
mmartinez@forthepeople.com
*Counsel for Plaintiff*